IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

EASTERN DIVISION

**Narccara Perry,**
220 Broadway N, Apt. 3
Fargo, ND 58102
701-970-6206,

Plaintiff, Pro Se,

v.                                    Civil No. _____

**Peak Restaurant Partners LLC, d/b/a IHOP,**
1751 International Pkwy, Suite 101
Richardson, TX 75081,

Defendant.

### COMPLAINT AND JURY DEMAND

Plaintiff Narccara Perry, appearing **pro se,** for her Complaint against Defendant Peak Restaurant Partners LLC, d/b/a IHOP, states as follows:

### I. NATURE OF THE ACTION

1. This is an employment discrimination and retaliation action arising under **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. § 2000e et seq.

2. Plaintiff brings this action because Defendant discriminated against her on the basis of **race** and retaliated against her after she requested a **mental health day / mental-health-related relief** and expressed that she was overwhelmed and in distress.

3. Plaintiff also alleges that Defendant treated her differently than a similarly situated white employee, failed to properly respond to her request for help, and terminated her shortly after she sought relief.

4. Plaintiff further alleges that Defendant's actions directly contributed to a severe mental health crisis and substantial emotional, financial, and personal harm.

### II. JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. § 1331** and **42 U.S.C. § 2000e-5(f)(3)** because this action arises under federal law.

6. Venue is proper in the **District of North Dakota** because the unlawful employment practices described herein occurred in **Fargo, North Dakota.**

## III. PARTIES

7. Plaintiff **Narccara Perry** is an adult resident of Fargo, North Dakota.

8. At all relevant times, Plaintiff was employed by Defendant at or in connection with the IHOP location located at:

**1701 45th St S SW**
**Fargo, ND 58103**

9. Defendant **Peak Restaurant Partners LLC, d/b/a IHOP,** is an employer within the meaning of Title VII and was Plaintiff's employer at all times relevant to this Complaint.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed a Charge of Discrimination with the **Equal Employment Opportunity Commission (EEOC)** concerning the unlawful acts described herein.

11. Plaintiff received a **Notice of Right to Sue** from the EEOC.

12. Plaintiff is filing this action within the time permitted by law.

## V. FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant in a management role and was expected to perform substantial work responsibilities, including hourly and operational work.

14. During her employment, Plaintiff was not properly trained for the position she was expected to perform.

15. Plaintiff has audio evidence reflecting management's acknowledgment that she had not been properly trained.

16. Plaintiff was placed in a stressful and unsupported work environment and was expected to continue performing despite inadequate training and lack of proper support.

17. Plaintiff became overwhelmed and requested a **mental health day.**

18. Plaintiff has audio evidence of that request.

19. Plaintiff further has evidence that another employee, who was white, was granted a mental health day or treated more favorably under similar circumstances.

20. Plaintiff was not given the same grace, support, or accommodation.

21. After Plaintiff expressed that she was overwhelmed and needed relief, Defendant failed to engage in a meaningful or appropriate response.

22. Rather than addressing Plaintiff's distress in a lawful and humane way, Defendant moved toward ending Plaintiff's employment.

23. Plaintiff was terminated shortly after requesting a mental health day and expressing that she was struggling.

24. The termination occurred in close temporal proximity to Plaintiff's request for relief and mental-health-related support.

25. Plaintiff alleges that the stated reasons and surrounding treatment were inconsistent, unfair, and pretextual.

26. Plaintiff further alleges that management's account of relevant events was inaccurate and that Plaintiff possesses audio evidence contradicting or undermining management's version of events.

27. Plaintiff was denied support at a critical moment and then lost her job.

28. The same-day denial of help, termination, and surrounding events contributed to a serious downward spiral in Plaintiff's life.

29. Following these events, Plaintiff experienced a severe mental health crisis.

30. Plaintiff was later determined through state mental-health-related evaluation and/or hospitalization to have been in a mental health crisis during the relevant period.

31. Plaintiff alleges that if Defendant had responded appropriately to her request for a mental health day and treated her fairly, the events that followed would likely have been prevented or materially reduced.

32. As a direct and proximate result of Defendant's actions, Plaintiff suffered loss of income, emotional distress, humiliation, mental anguish, instability, and disruption to her life.

33. Plaintiff also suffered additional consequences after the employment events, including being pulled into a serious personal and legal crisis during the same overall period of breakdown.

34. Plaintiff's damages were not limited to the loss of employment itself, but extended into major disruption of her daily functioning, peace, finances, and emotional well-being.

## VI. CLAIMS FOR RELIEF

## COUNT I – RACE DISCRIMINATION
### (Title VII of the Civil Rights Act of 1964)

35. Plaintiff realleges and incorporates by reference all prior paragraphs.

36. Plaintiff is a member of a protected class.

37. Plaintiff was qualified for her position.

38. Defendant treated Plaintiff less favorably than similarly situated non-Black employees, including in relation to mental-health-related grace, support, or time off.

39. Defendant's actions, including the denial of Plaintiff's request and subsequent termination, were motivated in whole or in part by race.

40. As a result, Plaintiff suffered damages.

## COUNT II – RETALIATION
**(Title VII of the Civil Rights Act of 1964)**

41. Plaintiff realleges and incorporates by reference all prior paragraphs.

42. Plaintiff engaged in protected activity and/or conduct protected by law by requesting relief related to her mental health and workplace distress, and by asserting a need for support.

43. Shortly after doing so, Plaintiff was terminated.

44. The close timing and surrounding facts support an inference of retaliation.

45. Defendant retaliated against Plaintiff for asserting her need for relief and support.

46. As a result, Plaintiff suffered damages.

## COUNT III – WRONGFUL TERMINATION / DISCRIMINATORY DISCHARGE

47. Plaintiff realleges and incorporates by reference all prior paragraphs.

48. Defendant terminated Plaintiff under circumstances that were discriminatory, retaliatory, and unlawful.

49. Plaintiff's termination was not the result of fair, neutral, or honestly applied employment practices.

50. Instead, Plaintiff alleges that Defendant used the circumstances surrounding her distress and request for help against her.

51. As a result, Plaintiff suffered damages.

## VII. DAMAGES

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including but not limited to:

a. **Lost wages and lost earning capacity;**
b. **Emotional distress;**
c. **Mental anguish;**
d. **Humiliation and embarrassment;**
e. **Pain and suffering to the extent allowed by law;**
f. **Out-of-pocket losses;**

g. **Loss of stability and disruption of daily life**; and

h. Other compensatory damages to be proven at trial.

53. Defendant's conduct was intentional, reckless, and/or carried out with conscious disregard for Plaintiff's rights, entitling Plaintiff to **punitive damages** to the extent permitted by law.

54. Plaintiff is also entitled to all available equitable relief, including but not limited to **back pay**, **front pay**, and any other relief this Court deems just and proper.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and award:

A. **Compensatory damages** in an amount to be determined at trial;

B. **Punitive damages** in an amount to be determined at trial;

C. **Back pay and front pay;**

D. **Costs and any allowable fees;**

E. **Pre-judgment and post-judgment interest** as allowed by law; and

F. Such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 25, 2026

Respectfully submitted,

**Narccara Perry**
220 Broadway N, Apt. 3
Fargo, ND 58102
701-970-6206

**Plaintiff, Pro Se**

Signature: Narccara Perry